Pearson, C. J.
 

 The plaintiff alleges that, for the consideration of $1850, the defendants agreed to resell to him the estate for the life of his wife, which he had sold to them for $800, and also to sell to him the entire remainder in fee; and that they undertook to procure the o.her tenants in common of the remainder, to execute good and sufficient deeds. He exhibits, as a part of his bill, the deed executed by the defendants, to which the signatures and seals of their wives are annexed.
 
 *260
 
 The defendants admit that they agreed to resell to the plaintiff the estate for the life of his wife, but they deny, that they agreed to sell to him the remainder in fee, and undertook to procure the heirs at-law to execute deeds; on the contrary, they aver that, besides the life-estate, they contracted to sell only “
 
 whatsover interest they might have acquired hy virtue of their
 
 intermarriage, the one with the sister, and the other with the niece, of Stephen Coward,” and they say, that after the execution of the deed by them, at the earnest request of the plaintiff, they permitted their wives to add their signatures and seals to the deed, but this was no part of the bargain, and was done merely to gratify the plaintiff.
 

 The defendants, according to their own showing, had no estate or interest in the remainder, and, yet, as they allege, the plaintiff agreed to give them $1850, for the life-estate and their supposed interest in the remainder; that is, he-was to hand them back two notes of $400 each, which was the price they had, less than one mouth before, agreed to give for the life-estate, and, in addition, was to pay them $525 each, and it was no part of the bargain, that the wives should execute the deed !! If this be true, it proves an almost incredible degree of ignorance on the part of the plaintiff, and the defendants must either submit to a like charge of ignorance, or to a much graver one — that of knowingly taking advantage of the plaintiff’s ignorance, and practicing a gross imposition upon him.
 

 The circumstances tend to suggest the inference, that the two $400 notes were not to be paid, and that the plaintiff and his wife executed the deed, to the defendants, in pursuance of an arrangement, by which the plaintiff hoped to acquire the title in fee in his own right, and that the defendants practiced upon his eagerness to effect that object.
 

 There is another fact, which has a most important bearing as tending to prove the allegations of the plaintiff, and in regard to which, there is such evasion in the answer, as to entitle the plaintiff to have the injunction continued until the hearing : the deed is made a part of the bill. In it, the defendants bind
 
 *261
 
 themselves, their heirs, &c., to the plaintiff, his heirs, &c., “ to warrant and forever defend the right and title of all the aforesaid tract of laud, free and clear from the lawful claim, or claims, of any or all persons whatsoever.”
 

 The defendants give an explanation, such as it is, of the fact that the deed has the signatures and seals of the wives, but they attempt no explanation of the fact, that although, as they say, they agreed only to sell the life-estate, and their respective interests, whatever they might be, in the remainder, still they covenant to warrant the title of
 
 all of the land in fee simple.
 
 This is a palpable evasion.
 

 If from ignorance, on both sides, the matter has become thus confused and entangled, it may be best to execute mutual releases, and thereby put themselves
 
 in statu quo.
 

 The order, in the Court below, must be reversed, and the injunction continued until the hearing.
 

 Pjer Curiam, Decree accordingly.